FILED ____ ENTERED
LODGED ____ RECEIVED

MAY -7 2015  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

WICKFIRE, LLC,

    Plaintiff,

v.

TRIMAX MEDIA, INC., et al.,

    Defendants.

No. MS15 051 RSL

MOTION TO QUASH OR MODIFY SUBPOENA

Related Case: U.S. District Court for the Western District of Texas at Austin Case No. 1:14-CV-34-SS

NOTE ON MOTION CALENDAR:
Friday, May 22, 2015

## I.  INTRODUCTION

BrandVerity, Inc., a Washington corporation ("BrandVerity"), a small entity based in Seattle, Washington, was served with a subpoena for documents and a Rule 30(b)(6) deposition, meant in principal part to authenticate documents produced by BrandVerity, on or about April 14, 2014 (the "Subpoena"). The Subpoena was issued by defendant Trimax Media, Inc. ("TriMax") in the matter of *Wickfire, LLC v. TriMax Media, Inc., et al.,* U.S. District Court for the Western District of Texas at Austin, Case No. 1:14-CV-34 (the "Texas Action"). BrandVerity is not a party to the Texas Action.

In this motion, BrandVerity asks that the Court quash or substantially modify the Subpoena, which is returnable as to documents on May 8, 2015, and compels attendance of a Rule 30(b)(6) designee of BrandVerity at a deposition scheduled for May 20, 2015.

MOTION TO QUASH SUBPOENA — 1

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

The Subpoena places an undue burden on BrandVerity in several respects. First, several of the document requests set forth in the Subpoena are vague and leave BrandVerity to guess as to what is requested. Second, without clarification or limitation, the Subpoena would require BrandVerity to expend Herculean efforts to search for potentially responsive materials. Third, the Subpoena requires compliance by May 8, 2015, which is not enough time for BrandVerity to search for records, let alone obtain consent or otherwise notify customers whose confidential information would be disclosed.

## II. BACKGROUND

The motion is based upon the Declaration of David Naffziger submitted herewith. Mr. Naffziger is president and chief executive officer of BrandVerity. BrandVerity incorporates Mr. Naffziger's declaration as its statement of background facts.

## III. ARGUMENT

Rule 45(d)(1) of the Federal Rules of Civil Procedure require counsel "responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

Rule 45(d)(3) requires this Court (where compliance is required) to "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

The Subpoena does all three of these things. First, it does not allow BrandVerity, with its limited resources, a "reasonable time to comply." Second, it requires disclosure of confidential information of BrandVerity's customers without allowing a reasonable time for BrandVerity either to obtain consent or otherwise provide notice to its customers such that they have an opportunity to intervene and object. Third, both because of its vagueness and sweep, the Subpoena imposes an undue burden upon BrandVerity, a small company, to

MOTION TO QUASH SUBPOENA — 2

produce potentially substantial amounts of materials. The specifics of these objections are detailed in Mr. Naffziger's declaration submitted herewith.

## IV. CONCLUSION

For the foregoing reasons, BrandVerity asks this Court to quash the Subpoena in its entirety or to modify the Subpoena (a) to a narrow, defined scope; and (b) to allow BrandVerity at least sixty (60) days in which to respond to whatever remains of the Subpoena. BrandVerity further seeks an appropriate sanction against TriMax and its counsel for violation of Rule 45(d)(1) in an amount representing at least BrandVerity's attorneys fees and costs incurred, proved by subsequent motion. Finally, BrandVerity seeks compensation for the time required by its employees to search for and produce the materials sought.

DATED this 7th day of May, 2015.

Law Offices of Alan S. Middleton PLLC
Attorneys for BrandVerity

By: /s/ Alan S. Middleton
Alan S. Middleton
18550 43rd Ave. NE
Lake Forest Park, WA 98155

MOTION TO QUASH SUBPOENA — 3

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

# CERTIFICATE OF SERVICE

I, Alan S. Middleton, certify that on May 7, 2015, I caused a copy of the foregoing to be served upon the following by the means indicated. Where U.S. Mail is indicated, the copy was mailed addressed as follows, postage prepaid.

| | |
|---|---|
| Peter S. Vogel<br>pvogel@gardere.com<br>Gardere Wynne Sewell LLP<br>Counsel for TriMax<br>3000 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201-4761 | **By Email, U.S. Mail, and Hand-Delivery** |
| Barry M. Golden<br>bgolden@gardere.com<br>Gardere Wynne Sewell LLP<br>Counsel for TriMax<br>3000 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201-4761 | **By Email, U.S. Mail, and Hand-Delivery** |
| Sara Ann Brown<br>sabrown@gardere.com<br>Gardere Wynne Sewell LLP<br>Counsel for TriMax<br>3000 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201-4761 | **By Email, U.S. Mail, and Hand-Delivery** |

DATED this 7th day of May, 2015.

/s/ Alan S. Middleton
Alan S. Middleton

MOTION TO QUASH SUBPOENA — 4

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490