HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

WICKFIRE, LLC,

    Plaintiff,

v.

TRIMAX MEDIA, INC., *et al.*,

    Defendants.

NO. 2:15-mc-00051-RSL

**RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA**

Related Case: U.S. District Court for the Western District of Texas, Austin Division, Case No. 1:14-CV-34

Noted for Motion Docket
Friday, May 22, 2015

On May 7, 2015, BrandVerity, Inc. ("**BrandVerity**") filed its Motion to Quash or Modify Subpoena (the "**Motion**"). COMES NOW TriMax Media, LLC ("**TriMax**") to file its Response and show as follows:

I.     **INTRODUCTION & RELIEF REQUESTED**

The Court should deny BrandVerity's Motion because it was filed in bad faith. This is a unique case because prior to filing its Motion, BrandVerity explicitly threatened TriMax that it would engage in discovery tactics to drive up TriMax's costs — specifically, the Chief Executive Officer of BrandVerity stated in writing: "Our approach to third-party suits in general is to make it as expensive as possible for [the parties] to involve us." **Exhibit 1** (Email

RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA - 1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

from David Naffziger to Laura Woodruff). It is clear that the Motion pending before the Court is an example of this approach. Therefore, the Court should deny the Motion to Quash and award costs incurred by TriMax's response to the Motion against BrandVerity.

## II.   FACTUAL BACKGROUND

TriMax is currently being sued by Wickfire, LLC ("**Wickfire**") in the matter of *Wickfire, LLC v. TriMax Media, Inc., et al.*, U.S. District Court for the Western District of Texas, Austin Division, Case No. 1:14-CV-34 (the "**Lawsuit**"). In the Lawsuit, Wickfire makes allegations of trademark infringement, business disparagement, defamation, and tortious interference. BrandVerity's name appears four times in Wickfire's most current complaint. BrandVerity plays a key role in the case due to its dominant role in monitoring merchant trademark policies. In fact, the majority, if not all, of the trademark violation notices Wickfire references in their claims originated from the BrandVerity system. TriMax and the third-party defendants have filed counterclaims for, inter alia, business disparagement, defamation, tortious interference with prospective business relations, and unfair competition.  These claims, especially the business disparagement and defamation claims, also heavily involve BrandVerity.

TriMax believes that BrandVerity possesses materials that are crucial to both TriMax's defense against Wickfire's claims and the prosecution of TriMax's counterclaims. For example, TriMax knows that on May 2, 2014, the co-founder of Wickfire emailed David Naffziger, making untrue accusations about fraud and trademark violations against TriMax. *See* **Exhibit 2** (Email from Jon Brown of Wickfire to David Naffziger of BrandVerity). TriMax knows that on December 19, 2013, BrandVerity emailed Wickfire because Wickfire's advertisement violated a merchant PPC policy. *See* **Exhibit 3** (Email from eaccountable@brandverity.com to cj@wickfire.com). The content of these messages suggest that these emails may be the tip of the iceberg of relevant evidence possessed by BrandVerity.

On April 7, 2015, TriMax served BrandVerity with a subpoena (the "**Subpoena**"). *See*

RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA - 2

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1 **Exhibit 4** (Subpoena to BrandVerity). On May 7, 2015, a month after BrandVerity received the
2 Subpoena, BrandVerity filed the Motion.

### III.  ARGUMENT AND AUTHORITIES

BrandVerity's Motion should be denied because it was filed in bad faith. This is evident from several facts: (1) the Chief Executive Officer of BrandVerity admitted in writing that BrandVerity would attempt to drive up discovery costs; (2) BrandVerity has failed to resolve issues in good faith; and (3) the arguments contained in the Motion are themselves meritless. As a result, TriMax respectfully requests that this Court order BrandVerity to comply with the subpoena.

**A.    BrandVerity's Motion Was Filed in Bad Faith**

BrandVerity received the Subpoena on April 7, 2015. On April 22, 2015, Mr. Naffziger emailed Laura Woodruff stating blatantly: "Do you have time to talk about the subpoena you sent? Our approach to third-party suits in general is to make it as expensive as possible for them to involve us. I can continue doing this with your subpoena, but I'd really prefer to remain out of the lawsuit entirely." *See* **Exhibit 1.** This Motion to Quash is the manifestation of Mr. Naffziger's plan—it is BrandVerity's attempt at making discovery expensive for TriMax. The Court should deny BrandVerity's Motion and award TriMax with costs incurred in responding to the Motion because the Motion was made in bad faith *per se*.

**B.    BrandVerity Has Failed to Resolve Issues Without Court Intervention**

In response to Mr. Naffziger's concerns about the Subpoena expressed on April 22, 2015, counsel for TriMax attempted to reach out several times to resolve any timing or location issues. For example, on April 29, 2015, counsel for TriMax emailed Mr. Naffziger offering to "talk through the Subpoena, and see if we can resolve all of the issues without the need for Court intervention." *See* **Exhibit 5** (Email from Barry Golden to David Naffziger). On May 1, 2015, counsel for TriMax reached out to Mr. Naffziger once again asking if they would be willing to speak. *See* **Exhibit 6** (Email from Barry Golden to David Naffziger). Efforts at

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

discussion were rebuffed; rather, BrandVerity indicated that it would be sending a letter to TriMax stating its position.

On May 4, four days before the production was scheduled to occur, TriMax received a letter from Alan Middleton, counsel for BrandVerity. *See* **Exhibit 7** (Letter from Alan S. Middleton to Mr. Vogel, Mr. Golden, and Ms. Brown). The letter stated: "I will be in depositions all day tomorrow, Tuesday, May 5. I will be available early Wednesday, May 6, to discuss. To the extent a motion to quash or modify a subpoena under Rule 45 requires a meet and confer, a call needs to occur Wednesday morning so that BrandVerity can timely file its motion to quash on Thursday. I have another call scheduled at 9:00 am Seattle time. I can be available before that call, at 8:00 a.m." In other words, counsel for BrandVerity indicated that he only had **one** specific hour of **one** specific day to speak with TriMax's counsel. This, despite the fact that TriMax's counsel had reached out multiple times well in advance of BrandVerity's deadline in attempts to discuss the Subpoena. BrandVerity's unavailability to meet and confer, demonstrates its lack of interest in resolving issues outside of Court.

### C.    The Claims in BrandVerity's Motion Are Meritless.

In its Motion to Quash, BrandVerity argues that the Subpoena (1) did not allow BrandVerity a reasonable time to comply, (2) would require disclosure of confidential information of BrandVerity's customers, and (3) would create an undue burden on BrandVerity. However, these claims lack merit.

1.    <u>Reasonable Time to Comply</u>

The Subpoena was issued on April 7, 2015. The Subpoena requested for a deposition to take place on May 20, 2015, and for documents to be produced on May 8, 2015. **Exhibit 4**. This gave BrandVerity **31 days** to prepare documents and **43 days** to prepare for deposition.

Although Federal Rule of Civil Procedure 45 does not define what constitutes a "reasonable time for compliance," Practical Commentary C45-10 to Rule 45 states: "What is reasonable is not defined. It depends on the circumstances. Some lawyers try to give at least 10

RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA - 4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

days' notice time as a rule of thumb, giving less only when it is unavoidable." Fed. R. Civ. Pro. 45, Practical Commentary C45-10; *see also Linke Enterprises, Inc. v. Champion Labs., Inc.*, No. CIV. 90-544-FR, 1991 WL 91089, at *1 (D. Or. May 20, 1991) (describing 21 days as a reasonable amount of time to comply with a subpoena); *cf. AngioScore, Inc. v. TriReme Med., Inc.*, No. 12–cv–03393–YGR (JSC), 2014 WL 6706898, at *1 (N.D.Cal. Nov. 25, 2014) (finding 9 days as an unreasonable amount of time to comply with a subpoena). Given this frame of reference, the amount of time provided by the Subpoena was very generous and not at all unreasonable.

2. <u>Confidential Information</u>

Next, BrandVerity claims that the Subpoena "requires disclosure of confidential information of BrandVerity's customers without allowing a reasonable time for BrandVerity either to obtain consent or otherwise provide notice to its customers such that they have an opportunity to intervene and object." TriMax does not believe that its Subpoena involves "confidential information." However, to the extent that it does, BrandVerity's argument is baseless.

On May 1, 2015, Mr. Naffziger emailed counsel for TriMax stating: "In the meantime, we've begun contacting customers that are impacted by the subpoena giving them notice that we may be required to disclose their Confidential Information and giving them the opportunity to seek protective measures. Funnily enough, this requires notice to TriMax." **Exhibit 9** (Email from David Naffziger to Barry Golden). This email demonstrates two things. *First*, given that BrandVerity received the subpoena on April 7, 2015, it unnecessarily waited twenty-four days (more than three weeks) before notifying customers about their "confidential information." It is not TriMax's fault that BrandVerity decided to make this delay, so it is misleading that BrandVerity now claims that TriMax did not provide it with enough time to notify its customers. *Second*, given that BrandVerity contacted its customers about their "confidential information" almost three weeks before the date of this brief, the customers have had a

RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA - 5

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

reasonable time to respond to the information. Now, BrandVerity is seeking sixty more days in *addition* to the three weeks it wasted before notifying its customers and the three weeks that its customers have had to consider the notifications given on or around May 1, 2015.

      3.    <u>Undue Burden</u>

The Subpoena does not impose an "undue burden" on BrandVerity. Despite the fact that BrandVerity is a small company, it is a self-proclaimed "leading technology company" that—ironically—specializes in performing electronic searches. *See* **Exhibit 10** (BrandVerity Press Release). This is further demonstrated by the fact that Mr. Naffziger was quickly able to determine the customers whose "confidential information" was purportedly requested in the subpoena. *See* **Exhibit 9**.

### IV.    CONCLUSION

On April 22, 2015, BrandVerity promised TriMax that it would "make it as expensive as possible" for TriMax to seek discovery. **Exhibit 1**. BrandVerity's Motion to Quash represents its attempt to fulfill that promise. Therefore, TriMax respectfully requests that the Court:

    (a)    Deny BrandVerity's Motion to Quash;

    (b)    Award TriMax with the amount representing reasonable attorneys' fees and costs incurred in relation to the Motion to Quash to be proven by a subsequent motion; and

    (c)    Order that BrandVerity comply with the Subpoena within ten (10) days from the date of the Court's decision.

RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA - 6

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

DATED this 20th day of May, 2015.

GARVEY SCHUBERT BARER

By /s/ John B. Crosetto
    John B. Crosetto, WSBA #36667
    Attorneys for Defendant TriMax Media, Inc.

/s/ Peter L. Vogel
Peter S. Vogel
Admitted Pro Hac Vice
Texas Bar No. 20601500
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667
pvogel@gardere.com

ATTORNEYS FOR DEFENDANT TRIMAX MEDIA, INC.

RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA - 7

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

## CERTIFICATE OF SERVICE

I, Jill M. Beagle. certify that on May 20, 2015, I caused a copy of the foregoing to be served upon the following by the means indicated.

| | |
|---|---|
| **Alan S. Middleton PLLC**<br>Alan Middleton<br>18550 43rd Ave. NE<br>Lake Forest Park, Washington 98155<br>(206) 533-0490<br>alanscottmiddleton@comcast.net | **By Email** |
| **ATLAS LAW PLLC**<br>Katharine M. Atlas<br>Texas Bar No. 24080777<br>2525 Robinhood Street<br>Houston, Texas 77005<br>Telephone: (713) 561-5544<br>Facsimile: (832) 201-9874<br>katlas@atlastriallaw.com | **By Email** |
| **DENKO COBURN LAUFF LLP**<br>Bradley Coburn (Texas Bar No. 24036377)<br>Sherri A. Wilson (Texas Bar No. 24075291)<br>3811 Bee Cave Road, Suite 204<br>Austin, Texas 78746<br>Telephone: (512) 906-2074<br>Facsimile: (512) 906-2075<br>coburn@dcllegal.com<br>wilson@dcllegal.com | **By Email** |

Dated this 20th day of May 2015.

GARVEY SCHUBERT BARER

*/s/ Jill M. Beagle*
Jill M. Beagle
Legal Assistant

GSB:7090684.3

RESPONSE IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA - 8

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939