UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WICKFIRE, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>TRIMAX MEDIA, INC., *et al.,*<br><br>             Defendants. | No.   2:15-mc-00051-RSL<br><br>DECLARATION OF ALAN S. MIDDLETON IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA<br><br>Related Case:  U.S. District Court for the Western District of Texas at Austin Case No. 1:14-CV-34-SS |

Alan S. Middleton states:

1. I am the attorney of record for BrandVerity, Inc., a Washington corporation ("BrandVerity"), in this miscellaneous matter. I make this declaration in support of BrandVerity's motion to quash or otherwise modify a subpoena served on BrandVerity by defendant Trimax Media, Inc. ("TriMax") in the matter of *Wickfire, LLC v. TriMax Media, Inc., et al.,* U.S. District Court for the Western District of Texas at Austin, Case No. 1:14-CV-34 (the "Texas Action").

2. I understand that on or about April 14, 2015, BrandVerity received the Subpoena. Counsel for TriMax in its response repeatedly claims that the Subpoena was served on April 7. Although the Subpoena was signed by Ms. Brown on April 7, the check for a witness fee issued by Seattle Legal Messenger Services on behalf of TriMax is dated

**DECLARATION OF ALAN S. MIDDLETON — 1**

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington  98155
(206) 533-0490

April 14, 2015.  Naffziger Dec. Ex. A.  I highly doubt that Seattle Legal Messenger would "post-date" a witness fee check.  I have accessed the Pacer database.  Proof of service of the Subpoena has not been filed in the Texas Action.  That proof of service is therefore uniquely in the custody of TriMax's lawyers.  They should produce the proof of service and, if TriMax's representations in response to the motion are false, counsel for TriMax should be sanctioned.

3. The crux of TriMax's opposition is that BrandVerity is fighting the Subpoena in bad faith.  That is patently untrue.  I have been licensed to practice in the State of Washington since 1988, 23 of those years at Davis Wright Tremaine LLP.  All of my efforts on behalf of BrandVerity in responding to the Subpoena have complied fully with the dictates of the federal rules; I would not risk censure for the sake of making discovery "more expensive" to TriMax.  My goal in dealing with TriMax has been to find an acceptable level of disclosure, in terms of relevance and burden.  I believe that is borne out by the actual facts of the case, as opposed to the select few TriMax's attorneys have chosen to present.  Instead, I have been met (as Mr. Naffziger was met) with TriMax's failure to respond.

4. TriMax's first effort to subpoena documents from BrandVerity (through its former counsel), which occurred in October 2014, was patently defective.  Pursuant to Rule 45, I served objections to that subpoena on TriMax's then-counsel.  A true and correct copy of those objections is attached to Mr. Naffziger's supplemental declaration filed herewith.  Frustratingly, TriMax failed to follow up with its initial subpoena, negotiating an appropriate scope and otherwise addressing the defects in its subpoena.  Instead, TriMax waited until there would be no flexibility under the pretrial schedule in the Texas Action to issue a new, broader subpoena.

5. I first became aware of the Subpoena on Friday, May 1, 2015,[1] after Mr. Naffziger had (finally) been contacted by counsel for TriMax – suspiciously, on the 15th day

---

[1] Mr. Naffziger had sent me an email at approximately 11:30pm on April 30; I did not open that email until May 1, when I also had a chance to discuss the Subpoena with Mr. Naffziger.

**DECLARATION OF ALAN S. MIDDLETON — 2**

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington  98155
(206) 533-0490

after service of the Subpoena, depriving BrandVerity of the opportunity to use the objections process allowed by Rule 45, and which require objections to be served within 14 days of service.

6. I first prepared a letter, which after review by BrandVerity I sent to TriMax's counsel on Monday, May 4. That letter, attached to Mr. Naffziger's opening declaration as Exhibit B, listed particular objections to the Subpoena. The letter noted that BrandVerity would have no option but to file a motion to quash or modify "if agreement cannot be reached by Wednesday morning, May 6." A motion to quash or modify had to be filed by Thursday, May 7, at the latest, to be pending by the return date for documents (May 8). The letter invited dialogue. However, BrandVerity failed to respond to this letter either to me or to BrandVerity, in writing or otherwise – again, BrandVerity being stonewalled by TriMax and its counsel.

7. Because of the time required to prepare a motion to quash, the letter asked for a conference not later than Wednesday morning, May 6. I had a 9:00am conference call, and so offered to make myself available at 8:00am, before my usual hours. TriMax characterizes this as me allowing only one hour in which to respond. My intent was much the reverse – because of my 9:00am conference call, I was making myself available before my usual hours, though at a very reasonable hour Dallas time. I did not refuse to talk at any other hour; I simply noted the obvious, which was that a resolution required prompt action because BrandVerity had only a short time in which to file a motion. TriMax and its counsel could have responded to my May 4 letter in writing, but failed to do so. They could have proposed a different time to confer, but failed to do so. They could have alleviated the imminent need to file a motion to quash, but failed to do so. TriMax is represented by the Gardere firm of Dallas and three Gardere attorneys were identified in the Supboena. Gardere's website identifies four Gardere offices and lists "134 attorneys or other professionals in the Dallas office." TriMax and its counsel have failed to state why none of the three lawyers identified in the subpoena, or any of the other "134 attorneys or other professionals in the Dallas office,"

**DECLARATION OF ALAN S. MIDDLETON — 3**

could address BrandVerity's objections between the time of receipt of the May 4 letter (on May 4) and Wednesday by mid-day.[2]

11. On May 7, 2015, prior to preparing and filing the motion to quash, I tried to reach Mr. Vogel, but received a message that Mr. Vogel was out for the day. I reached Mr. Golden's assistant, who told me that Mr. Golden was out briefly and would call me upon his return. Mr. Golden failed to do so.

12. BrandVerity therefore had no choice but to file the current motion to quash to preserve its rights. It did so on May 7, serving TriMax's counsel personally, by email, and by U.S. Mail. I sent the three named Gardere attorneys a letter, a true and correct copy of which is attached to Mr. Naffziger's supplemental declaration as Exhibit A, concluding "I invited a conversation in my letter of May 4. I would still like to have that conversation." Ms. Brown, who signed TriMax's response, deferred that conversation until Monday, May 11. I made myself available at her convenience.

13. On May 11, beginning at noon Seattle time, I discussed the Subpoena with Ms. Brown. During that conversation:

- Ms. Brown stated that TriMax would very likely "give up" on Document Requests Nos. 7-11 (requests argued by BrandVerity to be ambiguous). She had to confirm with her client, but this concession coopted any discussion on May 11 aimed at clarifying and/or narrowing Requests Nos. 7-11.
- Ms. Brown would not accept BrandVerity's say-so that it had found very modest emails responsive to Requests Nos. 1-5, but wanted BrandVerity to engage a third-party vendor to do a keyword search of BrandVerity's emails – a process Ms. Brown said TriMax would pay for.
- Ms. Brown also said she thought TriMax could live with the narrow interpretation of Request No. 6, which would substantially lighten

---

[2] Pacer, the U.S. courts database, lists *five* Gardere attorneys working on the case. By contrast, I am a sole practitioner who nonetheless repeatedly made myself available, with the exception of a full day of depositions on Tuesday, May 5.

**DECLARATION OF ALAN S. MIDDLETON — 4**

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

BrandVerity's burden and involve a far lesser infringement of customers' confidential information.  Again, she had to confirm with TriMax.

14. Following this May 11 discussion, I expected a prompt call back from Ms. Brown either to confirm TriMax's agreement to abandon Requests Nos. 7-11 and the narrow interpretation of Request No. 6, or to continue the dialogue to provide clearer definition of what was sought in Requests Nos. 7-11.  As TriMax's opposition to the motion to quash was not due until Monday, May 18, there was ample time to attempt to resolve these issues before TriMax would incur any expense in responding to the motion.  Instead, once again, BrandVerity was stonewalled.  Ms. Brown has never called me back.

15. Instead, on Wednesday, May 20, at 6:00pm Pacific, two days after its opposition was due under Local Rule 7, TriMax filed its response, arguing bad faith by BrandVerity, featuring selective use of the facts, and utterly failing to address the defects and therefore burden of Requests Nos. 6-11.  Instead, TriMax claimed a "rule of thumb" that 10 days should have been more than sufficient for BrandVerity to respond to a poorly-drafted, confusing, and very onerous subpoena.  To top it off, Ms. Brown seeks attorneys fees despite (a) the fact that TriMax likely would not have incurred any legal expense had the dialogue – discontinued without explanation by Ms. Brown – continued; and (b) Ms. Brown's repeated misrepresentation to the Court that the Subpoena was received by BrandVerity on April 7, rather than April 14, the earliest date BrandVerity can admit receipt given the date on the witness fee check issued on behalf of TriMax.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed at Lake Forest Park, Washington, this 22nd day of May, 2015.

*/s/ Alan S. Middleton*
Alan S. Middleton

DECLARATION OF ALAN S. MIDDLETON — 5

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington  98155
(206) 533-0490

**CERTIFICATE OF SERVICE**

1  
2  I, Alan S. Middleton, certify that on May 22, 2015, I caused a copy of the foregoing to be served upon the following by the means indicated.

| | |
|---|---|
| Peter S. Vogel<br>Gardere Wynne Sewell LLP<br>Counsel for TriMax<br>3000 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201-4761 | **By ECF** |
| John B. Crosetto<br>Garvey Schubert Barer<br>1191 Second Ave. Floor 18<br>Seattle, WA 98101-2996 | **BY ECF** |
| Katharine M. Atlas<br>Atlas Law PLLC<br>2625 Robinhood Street<br>Houston, TX 77005 | **BY EMAIL: katlas@atlastriallaw.com** |
| Bradley Coburn<br>Sherri A. Wilson<br>Denko Coburn Lauff LLP<br>3811 Bee Cave Road, Suite 204<br>Austin, TX 78746 | **BY EMAIL: coburn@dcllegal.com;<br>Wilson@dcllegal.com** |

DATED this 22nd day of May, 2015.

*/s/ Alan S. Middleton*  
Alan S. Middleton

**DECLARATION OF ALAN S. MIDDLETON — 6**

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490