UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WICKFIRE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TRIMAX MEDIA, INC., *et al.*,<br><br>        Defendants. | No. 2:15-mc-00051-RSL<br><br>SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA<br><br>Related Case: U.S. District Court for the Western District of Texas at Austin Case No. 1:14-CV-34-SS |

David Naffziger states:

1.   I am the president and chief executive officer of BrandVerity, Inc., a Washington corporation ("BrandVerity"). I have previously provided a declaration in support of BrandVerity's motion to quash or otherwise modify a subpoena served on BrandVerity by defendant Trimax Media, Inc. ("TriMax") in the matter of *Wickfire, LLC v. TriMax Media, Inc., et al.*, U.S. District Court for the Western District of Texas at Austin, Case No. 1:14-CV-34 (the "Texas Action"). The following supplements that declaration to respond to certain allegations made by TriMax in its opposition.

2.   On or about April 14, 2015, BrandVerity received the Subpoena. Oddly, counsel for TriMax claims that BrandVerity filed its motion to quash "a month after BrandVerity received the Subpoena." Response at 3. This is obviously false; the motion was

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 1

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

filed May 7, 2015, 23 days after service, and after TriMax had failed to respond to my direct attempts to communicate and to BrandVerity's lawyer's efforts to communicate with TriMax's counsel. Yes, the Subpoena was signed by Ms. Brown on April 7, but as the check for a witness fee issued by Seattle Legal Messenger Services is dated April 14, 2015, TriMax's claim that it was delivered on April 7 rings hollow. Naffziger Dec. Ex. A. I understand that proof of service has not been filed in the underlying action and so is uniquely in the custody of TriMax's lawyers. They should produce the proof of service and, if TriMax's representations in response to the motion are false, counsel for TriMax should be sanctioned.

3. The crux of TriMax's opposition is that BrandVerity is fighting the Subpoena in bad faith. That is patently untrue.

4. First, BrandVerity has no "policy" of making third-party discovery expensive. As BrandVerity's president, I am of course concerned about the demands such discovery places on BrandVerity, given our scarce resources to respond. But BrandVerity has every intention of responding to reasonable requests as required by law.

5. BrandVerity in fact has virtually no experience with subpoenas or other discovery, and therefore no history of bad-faith avoidance of discovery obligations. BrandVerity has never been a party to litigation. We have not received any subpoenas in the history of the company in any matter except in this case. TriMax's first effort to subpoena documents from BrandVerity (through its former counsel), which occurred in October 2014, was patently defective. BrandVerity used the procedures allowed under Rule 45 of the Federal Rules of Civil Procedure to serve objections on TriMax's then counsel. A true and accurate copy of those objections is attached as Exhibit A. Following our assertion of these objections, TriMax's counsel did nothing – no effort to correct the defects or to contest the objections, no effort to negotiate a less-burdensome obligation, etc.

6. As soon as I became aware of the present Subpoena, on or about April 17, 2015, I personally reached out to my contacts at TriMax directly, leaving two very cordial

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 2

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

voicemails with Laura Woodruff, asking that she get in touch with me. However, Ms. Woodruff did not respond. It would probably have been better to involve counsel earlier, but again, BrandVerity has no experience in these matters apart from the October 2014 subpoena served in this case. I became frustrated with Ms. Woodruff's failure to respond. This then led to my email of April 22, 2015, which contains the statement on which TriMax's opposition rests: "Our approach to third-party suits in general is to make it as expensive as possible for [the parties] to involve us." Ex. 1 to TriMax Response. The statement is taken wholly out of context, as a reading of the entire email makes clear:

> Do you have time to talk about the subpoena you sent?
>
> Our approach to third-party suits in general is to make it as expensive as possible for them to involve us. I can continue doing this with your subpoena, but I'd really prefer to remain out of the lawsuit entirely. Regardless, your subpoena is ridiculously broad and if it remains unchanged I have no choice but to contest and create a bunch of work for your legal team.
>
> I'd be happy to discuss in more detail. Do you have 15 minutes to speak?

I wanted to provoke a response, which thus far had not been forthcoming.

7. Following my April 22 effort, I re-sent the email on April 29 to Ms. Woodruff and stated: "Please let me know by the end of Wednesday if you'd like to talk." This again was a request for dialogue.

8. On April 29, 2015, I was contacted by Mr. Golden. I understand Mr. Golden is the second-most senior lawyer representing TriMax in this case. This was the first contact I had from TriMax after service of the Subpoena. I did not realize it at the time, but this was exactly 15 days after service of the Subpoena, taking it out of the less-expensive "objections" process under Rule 45. I contacted BrandVerity's counsel, Mr. Middleton, on April 30, to be informed at that time that BrandVerity's sole recourse was to file a motion to quash or modify the Subpoena.

9. At my direction, Mr. Middleton first prepared a letter, which after my review was sent to TriMax's counsel on Monday, May 4. That letter, attached to my first declaration

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 3

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

as Exhibit B, listed particular objections to the Subpoena. The letter noted that BrandVerity would have no option but to file a motion to quash or modify "if agreement cannot be reached by Wednesday morning, May 6." A motion to quash or modify had to be filed by Thursday, May 7, at the latest, to be pending by the return date for documents (May 8). The letter invited dialogue. However, BrandVerity received no response to the May 4 letter, in writing or otherwise – again, BrandVerity being stonewalled by TriMax and its counsel.

10. TriMax makes much of its interpretation of Mr. Middleton's statement that he would be unavailable Tuesday, May 5. Mr. Middleton addresses this in his declaration, but he did not say that he only had one hour to speak with TriMax's counsel on Wednesday morning. He identified a conflict at 9am that morning, but told TriMax's counsel that he would make himself available even earlier. TriMax and its counsel could have responded to the May 4 letter in writing, but failed to do so. They could have proposed a different time to confer, but failed to do so. They could have alleviated the imminent need to file a motion to quash, but failed to do so. TriMax is represented by the Gardere firm of Dallas and three Gardere attorneys were identified in the Supboena. Gardere's website identifies four Gardere offices and lists "134 attorneys or other professionals in the Dallas office." TriMax and its counsel have failed to state why none of the three lawyers identified in the subpoena, or any of the other "134 attorneys or other professionals in the Dallas office," could address BrandVerity's objections.[1]

11. Again, Mr. Middleton will address this in his declaration, but on May 7, 2015, prior to preparing and filing the motion to quash, he tried to reach Mr. Vogel, but received a message that Mr. Vogel was out for the day. He also reached Mr. Golden's assistant, who told Mr. Middleton that Mr. Golden was out briefly and would call Mr. Middleton upon his return. Mr. Golden failed to do that.

12. BrandVerity therefore had no choice but to file the current motion to quash. It did so on May 7, serving TriMax's counsel personally, by email, and by U.S. Mail. Mr.

---

[1] Pacer, the U.S. courts database, lists *five* Gardere attorneys working on the case.

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 4

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

Middleton sent the Gardere attorneys a letter, a true and correct copy of which is attached to this declaration as Exhibit A, concluding "I invited a conversation in my letter of May 4. I would still like to have that conversation." Ms. Brown, who signed TriMax's response, deferred that conversation until Monday, May 11. Mr. Middleton will address the content of that discussion in his declaration. I will simply note that BrandVerity received no further communication following that May 11 discussion, when TriMax still had seven calendar days to respond to the motion to quash (and nine days to the filing of its actual response).

13. As BrandVerity's motion notes, the document requests incorporated into the Subpoena are very broad and confusing. Immediately upon becoming aware of the Subpoena, on Apri 17 I began (and Mr. Middleton continued) BrandVerity's efforts to understand the Suboena and its scope. Those efforts have been entirely frustrated by TriMax's failure to respond. TriMax fails to deal with any of BrandVerity's specific objections that the Subpoena is overbroad, ambiguous, and unduly burdensome. BrandVerity stands by its motion, and my first declaration, as to why the Subpoena is unduly broad and burdensome, particularly in light of the time constraints imposed. TriMax does nothing to contest these issues apart from claiming a ten-day "rule of thumb" and claiming that BrandVerity, as it advertises an advanced ability to capture data on the Internet, must have the resources available to it to respond.

14. To recap, BrandVerity is a small company. It has no dedicated resources for responding to the Subpoena and other requests. BrandVerity would have to cease its operations and focus entirely on responding to the Subpoena if the Subpoena is given its broadest interpretation. That, by definition, is an undue burden.

15. Yes, BrandVerity, through years of hard work, has produced software that enables it to monitor Internet advertising traffic. But it has no capability of simply flipping a switch to capture, comprehend and analyze all external correspondence, or to datamine all Customer data, which is apparently what TriMax seeks. (The examples of potentially relevant documents – two – are emails.)

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 5

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

16. As noted in the motion, BrandVerity's contracts with customers include the requirement that BrandVerity notify customers of efforts, like the Subpoena, to obtain copies of client-confidential information. BrandVerity's terms of service, which include this obligation, may be viewed here: https://www.brandverity.com/tos/ Some of our larger customers have negotiated enterprise agreements that supersede these Terms. As best I recall, all of those agreements require a similar process for handling requests for confidential information. Uncontested by TriMax in its response is that BrandVerity has had as many as 8,000 users of its services who might require notice of TriMax's efforts to obtain their confidential information.

17. TriMax again claims that BrandVerity received the Subpoena on April 7, then claims that BrandVerity waited "twenty-four days (more than three weeks) before notifying customers about their 'confidential information.'" This, as addressed previously, is false. BrandVerity received the Subpoena on or about April 14, the date of the check issued for a witness fee. It is impossible for BrandVerity to issue notices to more than 8,000 users whose confidential information may be implicated.

18. Using a very narrow interpretation of the document requests, I contacted four current or prior customers whose information was most directly implicated – TriMax itself, Chuck Hamrick of Hamrick.biz (who has broken his service agreement and had been allowing TriMax to access BrandVerity's system through his account), FiveCentShine, and Schaaf-PartnerCentric. Apart from these customers, it has made little sense to attempt to contact the other 7,996+ users unless and until TriMax explains and/or narrows its requests, which it has steadfastly failed and/or refused to do.

19. Identifying TriMax, Hamrick.biz, FiveCentShine, and Schaaf-PartnerCentric was relatively easy, but that is absolutely not an indication of how burdensome the Subpoena would be if enforced to its vague limits. TriMax's relevance is obvious. The Hamrick.biz data seemed to me to be an obvious target of Document Request No. 1. FiveCentShine's data was requested in the first TriMax subpoena and they are specifically mentioned in Document

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 6

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

1 | Request No. 6. Similar concerns led to identification of Schaaf-PartnerCentric.
2 | I declare under penalty of perjury that the foregoing is true and accurate.
3 | Executed at Seattle, Washington, this 22nd day of May, 2015.

_____
David Naffziger

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 7

1  Request No. 6. Similar concerns led to identification of Schaaf-PartnerCentric.

2  I declare under penalty of perjury that the foregoing is true and accurate.

3  Executed at Seattle, Washington, this 22nd day of May, 2015.

*[signature]*
David Naffziger

OBJECTIONS TO SUBPOENA DIRECTED TO
BRAND VERITY, INC. — 7

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

# CERTIFICATE OF SERVICE

I, Alan S. Middleton, certify that on May 22, 2015, I caused a copy of the foregoing to be served upon the following by the means indicated.

| | |
|---|---|
| Peter S. Vogel<br>Gardere Wynne Sewell LLP<br>Counsel for TriMax<br>3000 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201-4761 | By ECF |
| John B. Crosetto<br>Garvey Schubert Barer<br>1191 Second Ave. Floor 18<br>Seattle, WA 98101-2996 | BY ECF |
| Katharine M. Atlas<br>Atlas Law PLLC<br>2625 Robinhood Street<br>Houston, TX 77005 | BY EMAIL: katlas@atlastriallaw.com |
| Bradley Coburn<br>Sherri A. Wilson<br>Denko Coburn Lauff LLP<br>3811 Bee Cave Road, Suite 204<br>Austin, TX 78746 | BY EMAIL: coburn@dcllegal.com;<br>Wilson@dcllegal.com |

DATED this 22nd day of May, 2015.

/s/ Alan S. Middleton
Alan S. Middleton

SUPPLEMENTAL DECLARATION OF DAVID NAFFZIGER — 8

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| WICKFIRE, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TRIMAX MEDIA, INC.<br><br>　　　　　　Defendant. | No.  1:14-CV-34-SS<br><br>OBJECTIONS TO SUBPOENA<br>DIRECTED TO BRANDVERITY, INC. |

TO: 　Defendant named above; and

TO: 　Calhoun, Bhella & Sechrest, LLP, and Gwen E. Bhella, its counsel; and

TO: 　CSI Global Deposition Services and Briana Robinson

　•　Non-party BrandVerity, Inc. ("BrandVerity") objects to the Subpoena to Produce Documents dated October 16, 1914, mailed to BrandVerity on the same date (the "Subpoena").

## GENERAL OBJECTIONS

1. The Subpoena was not served upon BrandVerity in person as required by Fed. R. Civ. Proc. 45(b). Mail service is not sufficient in the Ninth Circuit under the rule. *See Chima v. U.S. Dept. of Defense*, 23 Fed.Appx. 721 (9th Cir. 2001). The Subpoena is therefore unenforceable.

2. Even if service had been valid, the Subpoena by its terms commands only

OBJECTIONS TO SUBPOENA DIRECTED TO
BRAND VERITY, INC. — 1

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington  98155
(206) 533-0490

1  production of documents, not attendance at a deposition. Because the subpoena does not
2  command attendance, BrandVerity objects to any form of deposition, whether in person or
3  upon written questions. Further, the required witness fee was not tendered with the
4  Subpoena; consequently, even if it were to have commanded attendance, attendance is not
5  required. Finally, to compel attendance at a deposition (including one on written questions),
6  the Subpoena must issue from the district court of the district in which the witness is to be
7  examined. In this case, the Subpoena should have issued out of the U.S. District Court for the
8  Western District of Washington, not the U.S. District Court for the Western District of Texas.

9  DATED this 3rd day of November, 2014.

Law Offices of Alan S. Middleton PLLC

By: *Alan Middleton*
Alan S. Middleton, WSBA No. 18118
18550 43rd Ave. NE
Lake Forest Park, WA 98155
Tel: (206) 533-0490
alanscottmiddleton@comcast.net

OBJECTIONS TO SUBPOENA DIRECTED TO
BRAND VERITY, INC. — 2

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

## CERTIFICATE OF SERVICE

I, Alan S. Middleton, certify that on November 3, 2014, I caused a copy of the foregoing Objections to Subpoena Directed to Brand Verity, Inc., to be served upon the following by the means indicated. Where U.S. Mail is indicated, the copy was mailed addressed as follows, postage prepaid.

| | |
|---|---|
| Gwen E. Bhella<br>gbhella@cbsattorneys.com<br>Calhoun, Bhella & Sechrest, LLP<br>Counsel for Defendant<br>325 N. Saint Paul Street, Ste. 2300<br>Dallas, TX 75201 | **By Email and U.S. Mail** |
| Edward A. Cavazos<br>Edward.cavazos@bgllp.com<br>Bracewell & Giuliani, LLP<br>Counsel for Plaintiff<br>111 Congress Ave., Ste. 2300<br>Austin, TX 78701 | **By Email and U.S. Mail** |
| CSI Global Deposition Services<br>Attn: Briana Robinson<br>4950 N. O'Connor Rd., Ste. 152<br>Irving, TX 75062 | **By U.S. Mail** |

DATED this 3rd day of November, 2014.

_____
Alan S. Middleton

OBJECTIONS TO SUBPOENA DIRECTED TO
BRAND VERITY, INC. — 3

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
18550 43rd Ave. NE
Lake Forest Park, Washington 98155
(206) 533-0490

# EXHIBIT B

Law Offices of
# Alan S. Middleton, PLLC
18550 43rd Ave. NE
Lake Forest Park, WA 98155
(206) 533-0490
alanscottmiddleton@comcast.net

May 7, 2015

VIA EMAIL: **pvogel@gardere.com**; **bgolden@gardere.com**; **sabrown@gardere.com**

Peter S. Vogel
Barry M. Golden
Sara Ann Brown
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761

Re:   *Wickfire, LLC v. TriMax Media, Inc.*, U.S. Dist. Ct. W.D. Texas Case No. 14-CV-34
      Subpoena to BrandVerity

Dear Mr. Vogel, Mr. Golden, Ms. Brown:

Having received no response to my letter of May 4 on this subject, see enclosed motion to quash and supporting declarations of David Naffziger and Alan Middleton. These documents are also being sent to you via messenger for delivery today and by U.S. Mail.

Under the local rules of the Western District of Washington, the court expects the parties to stipulate to moving deadlines so as to allow an opportunity for a motion like the one enclosed to be heard. Please advise whether you will stipulate to moving the return date on the subpoena (as to documents) to not earlier than June 5, 2015 (two weeks after the noting date for the motion).

I invited a conversation in my letter of May 4. I would still like to have that conversation.

Very truly yours,

Law Offices of Alan S. Middleton PLLC

*[signature: Alan Middleton]*

Alan S. Middleton

cc:   Client
Encs.