HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WICKFIRE, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRIMAX MEDIA, INC., *et al.*,<br><br>　　　　Defendants. | No. 2:15-cv-00827-RSL<br><br>**SURREPLY IN OPPOSITION TO BRANDVERITY'S MOTION TO STRIKE**<br><br>Related Case: U.S. District Court for the Western District of Texas, Austin Division, Case No. 1:14-CV-34<br><br>Noted for Motion Docket<br>Wednesday, May 27, 2015 |

Pursuant to its request to file a surreply [Dkt. No. 13], TriMax Media, LLC ("**TriMax**") files this surreply in opposition to BrandVerity, Inc.'s ("**BrandVerity**") Motion to Strike (the "**Motion**") [Dkt. No. 10].[1] In BrandVerity's Motion, filed alongside its Reply Memorandum on May 22, 2015, BrandVerity requests that the Court strike TriMax's opposition in its entirety because it was filed two days late. The Court should deny BrandVerity's Motion because TriMax's delay was a result of excusable neglect.

Courts do not punish parties for missing deadlines due to "excusable neglect." *See, e.g.,*

---

[1] Or, alternatively, TriMax files this surreply as a Motion to Strike BrandVerity's Motion to Strike under Local Rule 7(g)(2).

SURREPLY IN OPPOSITION TO MOTION TO STRIKE - 1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

*PLU Investments, LLC v. Intraspect Grp., Inc.*, No. C10-626RSL, 2011 WL 1376192, at *1 (W.D. Wash. Apr. 12, 2011); *Bender v. Colvin*, No. 3:13-CV-05957-KLS, 2014 WL 2589683, at *3 (W.D. Wash. June 10, 2014) ("If the claimant can establish good cause for missing the deadline, the time period will be extended."). "To determine whether neglect is excusable, the Supreme Court has stated that the test 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *In re Um*, No. C14-5593 BHS, 2015 WL 106347, at *2 (W.D. Wash. Jan. 7, 2015) (citing *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "These circumstances include: (1) the danger of prejudice to the debtor [or to the nonmoving party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.*

### A. Prejudice to the Nonmoving Party

TriMax's two-day delay in filing its opposition caused no prejudice to BrandVerity; indeed, BrandVerity has not even alleged injury or prejudice in its Motion to Strike. Furthermore, BrandVerity has already filed its substantive reply. *Armstrong v. Cnty. of Kitsap*, No. C04-5461 RBL, 2006 WL 3192518, at *2 (W.D. Wash. Nov. 2, 2006) ("Defendants move to strike Plaintiffs' summary judgment response as untimely. . .While Defendants' timeliness arguments are properly noted, this Court will not strike Plaintiffs' claims, especially when Defendants filed a substantive reply.").

### B. Length of Delay

The length of the delay was only two days. *Cf. Knight v. Wal-Mart Stores, Inc.*, No. C08-5746RJB, 2009 WL 4544734, at *2 (W.D. Wash. Nov. 25, 2009) (excusing the plaintiff's five-day delay that was due to counsel's calendaring error).

### C. Reason for Delay and Good Faith

TriMax's opposition to BrandVerity's Motion to Quash was due on Monday, May 18,

SURREPLY IN OPPOSITION TO MOTION TO STRIKE - 2

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

2015. LCR 7(d)(3). Two days before this due date, on Saturday, May 16, 2015, TriMax's lead attorney — who had been handling the daily management of the case as well as all third-party discovery efforts — unexpectedly and suddenly took an immediate leave of absence from the law firm due to an unfortunate family crisis. This situation has created significant difficulties for TriMax in all aspects of the case. To wit, TriMax has already filed a Motion to Amend the Scheduling Order in the underlying case. *See* **Exhibit 1.**

Furthermore, in the wake of this attorney's unexpected departure, and the ensuing confusion as TriMax's remaining counsel diligently rushed to fill the void, TriMax's counsel mistook the Motion to Quash to be a second Friday motion (Wednesday deadline) rather than a third Friday motion (Monday deadline), and did not obtain pro hac vice admission until Wednesday, May 20, the day it filed its Response. The Court, however, has found this type of error to be excusable, even under ordinary circumstances. *See Knight v. Wal-Mart Stores, Inc.*, No. C08-5746RJB, 2009 WL 4544734, at *2 (W.D. Wash. Nov. 25, 2009) (finding excusable neglect where counsel misread the timing in the rules).

For the foregoing reasons, TriMax respectfully requests that the Court deny BrandVerity's Motion to Strike, and consider TriMax's opposition brief on its merits.

DATED this 27th day of May, 2015.

GARVEY SCHUBERT BARER

By */s/ John Crosetto*
John Crosetto, WSBA #36667

SURREPLY IN OPPOSITION TO MOTION TO STRIKE - 3

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

-and-

*/s/ Peter L. Vogel*
Peter S. Vogel
Admitted Pro Hac Vice
Texas Bar No. 20601500
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667
pvogel@gardere.com

ATTORNEYS FOR DEFENDANT
TRIMAX MEDIA, INC.

SURREPLY IN OPPOSITION TO MOTION TO STRIKE - 4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

## CERTIFICATE OF SERVICE

I, Jill M. Beagle certify that on May 27, 2015, I caused a copy of the foregoing to be served upon the following by the means indicated.

| | |
|---|---|
| **Alan S. Middleton PLLC**<br>Alan Middleton<br>18550 43rd Ave. NE<br>Lake Forest Park, Washington 98155<br>(206) 533-0490<br>alanscottmiddleton@comcast.net | **By Email from CM/ECF System** |
| **ATLAS LAW PLLC**<br>Katharine M. Atlas<br>Texas Bar No. 24080777<br>2525 Robinhood Street<br>Houston, Texas 77005<br>Telephone: (713) 561-5544<br>Facsimile: (832) 201-9874<br>katlas@atlastriallaw.com | **By Email and USPS 1st Class Mail** |
| **DENKO COBURN LAUFF LLP**<br>Bradley Coburn (Texas Bar No. 24036377)<br>Sherri A. Wilson (Texas Bar No. 24075291)<br>3811 Bee Cave Road, Suite 204<br>Austin, Texas 78746<br>Telephone: (512) 906-2074<br>Facsimile: (512) 906-2075<br>coburn@dcllegal.com<br>wilson@dcllegal.com | **By Email and USPS 1st Class Mail** |

DATED this 27th of May, 2015.

GARVEY SCHUBERT BARER

/s/ Jill M. Beagle
Jill M. Beagle
Legal Assistant

SURREPLY IN OPPOSITION TO MOTION TO STRIKE - 5

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

Gardere01 - 6618310v.1