HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WICKFIRE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TRIMAX MEDIA, INC., *et al.*,<br><br>    Defendants. | No. 2:15-cv-00827-RSL<br><br>**DECLARATION OF SARA A. BROWN IN SUPPORT OF SURREPLY IN OPPOSITION TO BRANDVERITY'S MOTION TO STRIKE**<br><br>Related Case: U.S. District Court for the Western District of Texas, Austin Division, Case No. 1:14-CV-34<br><br>Noted for Motion Docket<br>Wednesday, May 27, 2015 |

Sara A. Brown states:

1.    My name is Sara A. Brown. I am of sound mind, over the age of twenty-one years, have never been convicted of a felony or other crime involving moral turpitude, and I am capable of making this declaration. Unless otherwise stated, I have personal knowledge of the matters set forth herein, they are true and correct, and I could testify competently thereto if called upon to do so.

2.    I am an attorney at Gardere Wynne Sewell, LLP ("**Gardere**"). I serve as counsel for TriMax Media, LLC ("**TriMax**") in the above-captioned action.

DECLARATION OF SARA A. BROWN - 1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

3.    I certify that Exhibit 1 attached to TriMax's Surreply in Opposition to BrandVerity's Motion to Strike is a true and correct copy of the *Motion to Amend the Scheduling Order* filed jointly byTriMax, Laura Woodruff, WREI, Inc. and Josh West in the related case in the U.S. District Court for the Western District of Texas, Austin Division, Case No. 1:14-CV-34.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2015.

Respectfully Submitted,

*/s/ Sara Ann Brown*
Sara Ann Brown

DECLARATION OF SARA A. BROWN - 2

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

GSB:7090684.1

# CERTIFICATE OF SERVICE

I, Jill M. Beagle, hereby certify that on May 27, 2015, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorney Alan S. Middleton.

| | |
|---|---|
| **Alan S. Middleton PLLC**<br>Alan Middleton<br>18550 43rd Ave. NE<br>Lake Forest Park, Washington 98155<br>(206) 533-0490<br>alanscottmiddleton@comcast.net | **By Email from USDC CM/ECF System** |

Additionally, I caused a copy of the foregoing to be served upon the following attorneys by the means indicated.

| | |
|---|---|
| **ATLAS LAW PLLC**<br>Katharine M. Atlas<br>2525 Robinhood Street<br>Houston, Texas 77005<br>Telephone: (713) 561-5544<br>Facsimile: (832) 201-9874<br>katlas@atlastriallaw.com | **By Email and via USPC 1st Class Mail** |
| **DENKO COBURN LAUFF LLP**<br>Bradley Coburn<br>Sherri A. Wilson<br>3811 Bee Cave Road, Suite 204<br>Austin, Texas 78746<br>Telephone: (512) 906-2074<br>Facsimile: (512) 906-2075<br>coburn@dcllegal.com<br>wilson@dcllegal.com | **By Email and via USPC 1st Class Mail** |

DATED this 27th of May, 2015.

GARVEY SCHUBERT BARER

/s/ Jill M. Beagle
Jill M. Beagle
Legal Assistant

GSB:7102406.1 [18929.69000]

DECLARATION OF SARA A. BROWN - 3

Gardere01 - 6656898v.1

GSB:7090684.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Wickfire, LLC,<br><br>      Plaintiff,<br>v.<br><br>TriMax Media, Inc., Laura Woodruff, WREI, Inc., and Josh West,<br><br>      Defendants. | |
| TriMax Media, LLC,<br><br>      Counter-Plaintiff,<br>v.<br><br>Wickfire, LLC,<br><br>      Counter-Defendant. | CIVIL ACTION NO: 14-CV-34 |
| Laura Woodruff, WREI, Inc., and Josh West,<br><br>      Counter-Plaintiffs,<br>v.<br><br>Wickfire, LLC,<br><br>      Third-Party Defendant. | |
| Laura Woodruff, WREI, Inc., and Josh West,<br><br>      Third-Party Plaintiffs,<br>v.<br><br>Jonathan Brown and Chester Hall,<br><br>      Third-Party Defendants. | |

## MOTION TO AMEND THE SCHEDULING ORDER

TriMax Media, LLC, Laura Woodruff, WREI, Inc., and Josh West (collectively, the "**TriMax Group**") respectfully move this Court to amend the current scheduling order entered in this case (Docket No. 40) to extend the remaining deadlines, including the trial setting, by a minimum of three months.

## BACKGROUND AND REQUESTED RELIEF

**A.     The current scheduling order sets this case for trial in October 2015.**

Wickfire, LLC ("Wickfire") initiated the above-captioned action on January 1, 2013. (Docket No. 1.) Shortly thereafter, the Court entered a scheduling order setting this action for trial in the month of October 2015. (Docket No. 13.) In October 2014, after a brief stay to address certain discovery and other matters in this action, the parties submitted a joint motion to submit an amended scheduling order. (Docket No. 38.) The Court granted the parties' joint motion and entered the amended scheduling order. (Docket No. 40.) That amended scheduling order is the live scheduling order. The remaining deadlines are contained in paragraphs 5, 7, 8, and 9, specifically:

> Paragraph 5. Any party asserting claims for affirmative relief shall disclose its designation of potential witnesses, testifying experts, and proposed exhibits by serving, not filing, the designation on all parties by June 1, 2015. Any party resisting claims for relief shall disclose its potential witnesses, testifying experts, and proposed exhibits, and shall serve, not file, the disclosure on all parties by June 1, 2015. All designations of rebuttal experts shall be served, not filed, within 15 days of receipt of the report of the opposing expert.
>
> * * *
>
> Paragraph 7. The parties shall complete all discovery on or before June 30, 2015. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.
>
> Paragraph 8. All dispositive motions shall be filed no later than July 14, 2015 and shall be limited to twenty (20) pages. Responses to dispositive motions shall be filed not later than fourteen (14) days after the filing of the motion

and shall be limited to twenty (20) pages. A reply in support of a dispositive motion shall be filed not later than seven (7) days after the filing of the response to the motion and shall be limited to ten (10) pages, but the Court need not wait for the reply before ruling on the motion.

Paragraph 9. This case is set for docket call September 25, 2015, at 11:00 a.m. and trial in the month of October 2015. At docket call, the parties shall submit a short, one paragraph statement of the parties' contentions, voir dire questions, proposed jury instructions and verdict forms, exhibit and witness lists, and any motions in limine.

Recently, on April 10, 2015, the parties appeared before this Court on the movants' Motion to Remove Improper Designations. (Docket No. 88.) At that hearing, both sides argued to the Court that they believed that the current scheduling order did not need to be amended because, despite their various discovery disputes, recent addition of multiple parties, and pending motions to dismiss, both sides believed that they could proceed under the current scheduling order and head to trial as scheduled in October 2015.

**B.  TriMax's lead attorney has had to take an immediate leave of absence.**

Unfortunately, since the parties were last in front of the Court, exceptional circumstances have arisen that have made the current deadlines, including the trial setting, impractical for the TriMax Group. More specifically, the TriMax Group's lead attorney — who has been handling the daily management of the case as well as spearheading all trial preparation efforts — has had a family crisis and, as a result, has had to take an immediate leave of absence that is expected to last a minimum of three months. Because the TriMax Group wishes to respect the privacy of the affected attorney's family by not exposing private information in this public filing, the TriMax Group respectfully requests a telephonic or in-person conference with the Court to further apprise the Court of these exceptional circumstances.

The TriMax Group is addressing this attorney's absence by bringing in additional support, but given the complexity of this case as well as the fast-approaching deadlines under the current scheduling order, the TriMax Group believes that it is not feasible to get the supporting attorneys up to speed and meet the current deadlines – especially the discovery deadline, which expires in one month. To prevent prejudice to the TriMax Group, extensions of all remaining deadlines in the current scheduling order are necessary.

C. **Counsel for TriMax has conferred with Wickfire's counsel in an effort to reach an agreement regarding an extension of the current deadlines and a potential mediation.**

Remaining counsel for the TriMax Group has conferred with counsel for Wickfire, Jonathan Brown, and Chester Hall (collectively, the "**Wickfire Group**") by telephone and e-mail regarding the relief requested herein but, unfortunately, counsel have not been able to agree. The Wickfire Group has offered only a one-day extension of the expert report deadline (currently, June 1, 2015), conditioned on the TriMax Group's agreement to a mediation this week (the week of May 25, 2015).

The TriMax Group (like the Wickfire Group, presumably) believes that mediation could be fruitful and that the parties' collective efforts may be better spent focusing on trying to resolve this dispute in mediation. That, however, does not resolve the immediate need to address the fast-approaching deadlines (both dispositive and otherwise). Indeed, if the parties were to spend one full day in mediation, they would effectively lose one full day that the parties could spend preparing the expert reports, so the Wickfire Group's offer achieves nothing.

**D.     The Wickfire Group has opposed any extensions to the current scheduling-order deadlines.**

Despite requests by telephone and e-mail for the Wickfire Group to articulate any unfair surprise, prejudice, or other hardship that would be suffered by agreeing to the relief requested here, the Wickfire Group has simply stated that it is ready to proceed with trial and will not agree to any further delays because it wishes to put this matter behind them. While it is regrettable that the Wickfire Group has taken this position, it is undisputable that there have been no fact or expert depositions in this case and there are Rule 12(b) motions to dismiss still awaiting adjudication. Under these circumstances, there is no unfair surprise, prejudice, or other hardship imposed on the Wickfire Group by extending the remaining deadlines and the trial setting by three months.

**E.     If the scheduling order were to remain in place without modification, the TriMax Group would be prejudiced.**

While the Wickfire Group would not be prejudiced by an amendment of the scheduling order, the prejudice and hardship to the TriMax Group would be substantial. The impacted attorney handled the daily management of the case as well as all trial preparation efforts. Therefore, supporting counsel cannot adequately take up and perform those responsibilities without sufficient time to become oriented with the case to the same level as the affected attorney. *See, e.g., Smith v. Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842, 845 (5th Cir. 1970). Thus, this motion is not motivated by procrastination, bad planning, or bad faith on the part of the TriMax Group or its counsel. Rather, this motion is brought so that justice may be done.

## CONCLUSION

For the reasons set forth above, TriMax Media, LLC, Laura Woodruff, WREI, Inc., and Josh West respectfully request that the Court amend the current scheduling order in this case (Docket No. 40) to extend the remaining deadlines, including the trial setting, by at minimum three months and, to the extent that the Court desires any further information regarding the circumstances precipitating this motion, set this motion for a telephonic or in-person conference.

Date: May 26, 2015                          Respectfully submitted,

                                            _____
                                            Peter S. Vogel, Bar No. 20601500
                                            Sara Ann Brown, Bar No. 24075773
                                            GARDERE WYNNE SEWELL LLP
                                            3000 Thanksgiving Tower
                                            1601 Elm Street
                                            Dallas, Texas 75201-4761
                                            Telephone: 214.999.3000
                                            Facsimile: 214.999.4667
                                            pvogel@gardere.com
                                            sabrown@gardere.com

                                            COUNSEL FOR TRIMAX MEDIA,
                                            LLC, LAURA WOODRUFF, WREI,
                                            INC., AND JOSH WEST

## CERTIFICATE OF CONFERENCE

I hereby certify that from May 20-26, 2015, I conferred on multiple occasions via telephone and e-mail with Katharine M. Atlas, counsel for Wickfire, LLC, Jonathan Brown, and Chester Hall, regarding the issues raised in the foregoing motion. Despite the best efforts of counsel, an agreement could not be reached. Specifically, Ms. Atlas stated that she was not authorized by her clients to agree to any more than a one-day extension of the expert report deadline (currently June 1, 2015) and that the one-day extension was conditioned on the parties engaging in mediation this week (the week of May 25, 2015). Ms. Atlas further stated that while she sympathizes with the exceptional circumstances that gave rise to the foregoing motion, her clients were prepared to go to trial and would not agree to any further delays. My last attempt to reach an agreement with Ms. Atlas was made on May 25, 2015. In response, Ms. Atlas iterated Wickfire's opposition to this motion and the extension of any deadlines in this case. Thus, the foregoing motion is opposed.

_/s/ Sara Ann Brown_
Sara Ann Brown

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of May, 2015, a copy of the foregoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties registered for such service, and that all counsel of record listed below were also served with a copy of the foregoing *via* electronic mail.

| | |
|---|---|
| Bradley Coburn | Katharine M. Atlas |
| Sherri A. Wilson | ATLAS LAW PLLC |
| DENKO COBURN LAUFF LLP | 2525 Robinhood Street |
| 3811 Bee Cave Road, Suite 204 | Houston, Texas 77005 |
| Austin, Texas 78746 | |

                                                               _____
                                                                     Sara Ann Brown

Gardere01 - 6620219v.1