UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WICKFIRE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRIMAX MEDIA INC., *et al.*<br><br>Defendants. | Case No. C15-827RSL<br><br>ORDER GRANTING MOTION TO QUASH SUBPOENA |

This matter comes before the Court on a motion by BrandVerity, Inc. ("BrandVerity") to quash or modify a subpoena. Dkt. # 1. Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows.[1]

## I. BACKGROUND

TriMax Media, Inc. ("TriMax") is currently being sued by Wickfire, LLC ("Wickfire") in the matter of <u>Wickfire, LLC v. TriMax Media, Inc. et al.</u>, No. 1:14-CV-34 (W.D. Tx.) ("Texas Action"). In this action, Wickfire alleges that its competitor TriMax attempted to undermine its

---

[1] BrandVerity moves to strike TriMax's opposition brief because it was filed two days late. Dkt. # 10 (BrandVerity Reply) at 1. TriMax attributes the delay to counsel misunderstanding the deadline for their response and to confusion that followed TriMax's lead counsel taking an unexpected leave of absence from his firm. Dkt. # 14 (Surreply) at 2-3. BrandVerity filed a substantive reply to the opposition brief and was not prejudiced by the delay, and the Court finds sufficient basis to excuse TriMax's delay and deny BrandVerity's motion to strike. See <u>Armstrong v. Cnty. of Kitsap</u>, 2006 WL 3192518, at *2 (W.D. Wash. Nov. 2, 2006) (denying motion to strike opposition brief where substantive reply was filed).

ORDER DENYING MOTION
TO COMPEL DEPOSITION - 1

business through violations of the Lanham Act, 15 U.S.C. § 1125, and through conduct constituting, <u>inter alia</u>, business disparagement, defamation, tortious interference with existing contracts and tortious interference with prospective contract and business relations. <u>Texas Action</u> Dkt. # 78-7 (3rd Am. Compl.). TriMax and third-party defendants have raised counterclaims including unreasonable restraint of trade, business disparagement, defamation, unfair competition, tortious interference with existing contracts and tortious interference with prospective business relations. Dkt. # 9-2 (Brown Decl. Exh. 4) at 13 (TriMax Parties' Amended Counterclaims and Third-Party Claims).

BrandVerity is a small, Seattle-based company with 23 employees that provides services that detect online brand and trademark abuse. Dkt. # 1-2 (Naffziger Decl.) ¶ 3. It is not a party to the Wickfire action. <u>Id.</u> ¶ 2. TriMax believes that BrandVerity has documents relevant to its counterclaims based on BrandVerity's business relationship with Wickfire. <u>See</u> Dkt. # 8 (TriMax Resp.) at 2 (emphasizing that "[T]he majority, if not all, of the trademark violation notices Wickfire references in their claims originated from the BrandVerity system."). TriMax points to emails showing that, in May 2014, Wickfire's CTO and co-founder sent an email to BrandVerity's President and CEO, David Naffziger, in which he accused TriMax of "trademark violations" and fraudulent conduct and described the ongoing litigation between the parties. Dkt. # 9-1 (Brown Decl. Exh. 2) at 4-5. TriMax also points to an email it has discovered where BrandVerity alerted Wickfire that one of Wickfire's "pay per click" ("PPC") advertisements had violated BrandVerity's PPC policy. Dkt. # 9-1 (Brown Decl. Exh. 3) at 7.

TriMax served BrandVerity with a subpoena either on April 7 or April 14, 2015,[2] listing 11 requests for production of documents ("RFPs"). Dkt. # 1-3 at 11. Five requests (RFP Nos. 7-11) broadly demand that BrandVerity produce documents "related to" various allegations in

---

[2] TriMax argues that it served BrandVerity on April 7, the date on the subpoena, Dkt. # 8 at 2; however, BrandVerity argues that it was not served until April 14, the date on which the witness fee check was issued by Seattle Legal Messenger Services on TriMax's behalf, Dkt. # 10 at 2. Dkt. # 12 (Supp. Naffziger Decl.) ¶ 2. TriMax has not produced an affidavit of service.

ORDER DENYING MOTION
TO COMPEL DEPOSITION - 2

TriMax's counterclaims.[3]  Dkt. # 1-3 (Subpoena) at 11.  RFP No. 6 requests "Materials sufficient to demonstrate whether the IP Addresses" defined elsewhere in the subpoena "have been used to log into various accounts owned by Wickfire, TheCoupon.co, or FCS."  Id.

BrandVerity argues that TriMax's requests (namely RFP Nos. 6-11) are vague and, read broadly, would require an overly-burdensome search of its records and customer data.  The company emphasizes the ambiguity of the words "sufficient to" in RFP No. 6 and "related to" in RFP Nos. 7-11.  Dkt. # 10 at 4-5.  BrandVerity argues that the 30 days it was given to comply with the subpoena presented an unreasonable deadline for a company of its size to conduct the search, and that this did not provide sufficient time for the company to notify its approx. 8,000 customers that their confidential data could be turned over in discovery.  Dkt. # 1 at 2.  BrandVerity requests that the Court quash or modify the subpoena, or that the Court at least give the company an additional 60 days to comply.  Id. at 3 (additionally seeking a sanction against TriMax for violating Rule 45(d)(1) and compensation for the time required for its employees to search for and produce the materials sought).  TriMax contends that its subpoena's requests and time limit are reasonable.  Dkt. # 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that is either admissible at trial or "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Pre-trial discovery is "ordinarily accorded a broad and liberal treatment."  Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993) (citation and internal quotation marks omitted).  Overbroad subpoenas seeking irrelevant information may be quashed or modified, Gonzales v. Google, Inc., 234 F.R.D. 674, 681 (N.D. Cal. 2006); however, where a court's only connection with a case is supervision of discovery ancillary to an action in another district, it must be

---

[3] For example, RFP No. 7 seeks "[a]ll Materials relating to the allegations in Section 18 (pages 23-24) of the Counterclaims," Dkt. # 1-3 (Subpoena) at 11; Section 18 alleges that Wickfire ran "predatory ads" that interfered with a TriMax campaign related to PZI Jeans, Dkt. # 9-2 (Brown Decl. Exh. 4) at 35.

ORDER DENYING MOTION
TO COMPEL DEPOSITION - 3

especially hesitant to pass judgment on what constitutes relevant evidence thereunder, id. (citation omitted).

On timely motion, the Court may quash or modify a subpoena that (a) fails to allow a reasonable time to comply; (b) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (c) subjects the target of the subpoena to undue burden. See Fed. R. Civ. P. 45(d)(3)(A). Parties issuing subpoenas under Rule 45 must take "reasonable steps" to avoid imposing undue burden or expense on the person or entity served. Fed. R. Civ. P. 45(d)(1). Persuasive authority suggests that subpoenas on non-parties should be narrowly-tailored. See Convolve, Inc. v. Dell, Inc., 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("[N]on-parties should not be burdened in discovery to the same extent as the litigants themselves. Requests to non-parties should be narrowly drawn to meet specific needs for information."). Rules 26 and 45 give district courts wide discretion to quash or modify subpoenas causing "undue burden." See Exxon Shipping Co. v. U.S. Dept. of Interior, 34 F.3d 774, 779 (9th Cir. 1994). In assessing whether a subpoena imposes an undue burden, the Court should balance the apparent relevance of the information sought and the party's need for this information with the hardship to the subpoena's target. Myhrvold v. Lodsys Grp., LLC, 2013 WL 5488791, at *2 (W.D. Wash. Sept. 27, 2013).

### III. DISCUSSION

BrandVerity argues that TriMax's subpoenas are so vague and overbroad that complying with them would impose an undue burden on BrandVerity. TriMax cites evidence that BrandVerity has brought the instant motion in bad faith, noting that, in an email dated April 22, 2015, BrandVerity President and CEO David Naffziger asked to discuss the subpoena and made the following threat:

> Our approach to third-party suits in general is to make it as expensive as possible for them to involve us. I can continue doing this with your subpoena, but I'd really prefer to remain out of the lawsuit entirely.

ORDER DENYING MOTION
TO COMPEL DEPOSITION - 4

Dkt. # 9-1 (Brown Decl. Exh. 1) at 2.  BrandVerity claims that this email was sent in frustration in order to provoke TriMax to respond to BrandVerity's repeated requests to discuss the scope of the subpoena.  Dkt. # 10 at 2; Dkt. # 12 (Supp. Naffziger Decl.) ¶¶ 6-7.  While arguably evidence of bad faith on BrandVerity's part, the Court still views the subpoena as very broad and vague, and notes defendant's lack of argument concerning its document requests.  While TriMax suggests that BrandVerity should be able to easily search its records and data for responsive documents because the company conducts internet searches as part of its business, Dkt. # 8 at 6, and notes that time periods shorter than 30 days have been found a reasonable time to respond to document requests, id. at 4-5, the Court finds these arguments unconvincing, especially given the breadth of the requests at issue.

Both parties accuse each other of rebuffing good-faith offers to confer and refusing to discuss the scope of the TriMax's requests for production prior to the filing of the instant motion.  Dkt. # 8 at 3-4; Dkt. # 10 at 1-3.  BrandVerity argues that, after the instant motion was filed, TriMax's counsel suggested a number of concessions that would resolve this dispute, but that the discussion never concluded.  Dkt. # 10 at 2-3; Dkt. # 11 (Middleton Decl.) ¶¶ 13-14.  It seems to the Court that the subpoena can be narrowed to facilitate the production of relevant evidence while not imposing an undue burden.  Given some time and space, the parties should be capable of reaching an agreement on this by themselves.  The Court finds that the subpoena should be quashed.

Imposing sanctions under Rule 45(d)(1) is discretionary, Legal Voice v. Stormans Inc., 738 F.3d 1178, 1185 (9th Cir. 2013); and the Court finds sanctions not warranted, here.  The Court declines to award BrandVerity attorney's fees and costs for litigating the instant motion.

ORDER DENYING MOTION
TO COMPEL DEPOSITION - 5

## IV.  CONCLUSION

For all of the foregoing reasons, BrandVerity's motion to quash TriMax's subpoena is GRANTED.  Dkt. # 1.


DATED this 9th day of July, 2015.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO COMPEL DEPOSITION - 6